1   ANTHONY C. RODRIGUEZ (State Bar No. 122479)
    LAW OFFICE OF ANTHONY C. RODRIGUEZ
2   1425 LEIMERT BOULEVARD, SUITE 101
    OAKLAND, CALIFORNIA  94602
3   Telephone: (510) 336-1536
    Facsimile: (510) 336-1537
4

5   Attorney for Petitioner S.G. Borello and Sons, Inc.,
    dba Eden Roc Mobilehome Park
6

7                   UNITED STATES DISTRICT COURT

8                 NORTHERN DISTRICT OF CALIFORNIA

9

10  S.G. Borello and Sons, Inc., dba Eden     )    Case No.  C-03- 0891 VRW ADR
    Roc Mobile Home Park                      )
11                                            )
              Petitioner,                     )    PETITIONER'S STATUS REPORT
12                                            )    AND SECOND REQUEST FOR
    vs.                                       )    SETTING OF CASE
13                                            )    MANAGEMENT CONFERENCE
    The City of Hayward and the Hayward       )    AND [PROPOSED] ORDER
14  Rent Review Officer,                      )    SETTING CASE MANAGEMENT
                                              )    CONFERENCE
15            Respondents,                    )
                                              )
16  The Tenants Residing at Eden Roc          )    Date:  To Be Determined
    Mobilehome Park, et. al.,                 )    Time: 9:00 A.M.
17                                            )    Dept.:  Courtroom 6
              Real Parties In Interest.       )
18  _____ )

19                I.  INTRODUCTORY STATEMENT

20          On August 4, 2004, the Court entered a Consent Decree with respect to some, but not

21  all, of the Real Parties in Interest in this case.  However, the Consent Decree had no impact on

22  the Respondents, or the remaining Real Parties Interest.   In addition, the Court retained

23  jurisdiction with respect to the enforcement of the Consent Decree.

24          The Clerk of the Court has apparently interpreted the August 4, 2004 Consent Decree

25  as applying to all parties in this case.  As that is not the case, the Petitioner respectfully requests

26  the Court to set a Case Management Conference, so that the remaining parties in this case may

27

28  PETITIONER'S STATUS REPORT AND SECOND REQUEST FOR SETTING OF CASE MANAGEMENT
    CONFERENCE AND [PROPOSED] ORDER SETTING CASE MANAGEMENT CONFERENCE

                                    - 1 -

1  advise the Court how they intend to proceed with respect to the remaining disputes between

2  them.

3                         II.  STATUS REPORT AND REQUEST FOR

4                              CASE MANAGEMENT CONFERENCE

5          This case involves claims by the owners of Eden Roc Mobilehome Park, challenging

6  various aspects of the City of Hayward's mobilehome rent control ordinance.  Because the

7  tenants at the mobilehome park could have been affected by the outcome of these proceedings,

8  they were named as Real Parties in Interest.

9          This matter was referred to mediation, pursuant to the Court's ADR program.  As a

10  result of the mediation, the Petitioner was able to resolve certain disputes with many of the

11  tenants.  On August 4, 2004, this Court issued a Consent Decree with respect to the disputes

12  between the Petitioner and those particular tenants.  Pursuant to Paragraph M of the Consent

13  Decree, the Court retained jurisdiction over this matter.  Paragraph M of the Consent Decree

14  provides as follows:

15              "M.    CONTINUING JURISDICTION:  The United
               States District Court shall retain jurisdiction over the parties
16              until such time as the terms of this Consent Decree and the
               accompanying Settlement Agreement are performed in full."
17
           Although the Consent Decree effectively resolved the disputes between the Petitioner
18
    and the settling tenants, it had __*no*__ impact on the disputes between the Petitioner and the non-
19
    settling tenants, or the disputes between the Petitioner and the City of Hayward.  As a result,
20
    pursuant to paragraph I of the Consent Decree, the Petitioner remained entitled to seek relief
21
    from the non settling parties.  Paragraph I of the Consent Decree provides in relevant part as
22
    follows:
23
                "I.    NO    IMPACT    ON    NON-SETTLING
24              TENANTS:  This Consent Decree shall apply *__only__* to the spaces
               of the Settling Tenants, as identified on Exhibit A hereto . . .
25              Accordingly, [the non settling] tenants may continue to pursue
               any petition they may have filed with respect to the July 1, 2002
26              and/or July 1, 2003 rent increases *__and the Parkowners may__*
               *__continue to pursue any legal proceedings with respect to those__*
27
28  PETITIONER'S STATUS REPORT AND SECOND REQUEST FOR SETTING OF CASE MANAGEMENT
    CONFERENCE AND [PROPOSED] ORDER SETTING CASE MANAGEMENT CONFERENCE

***tenants, including the writ proceedings***.[1]   (Emphasis added).

As the Court will recall, the Petitioner and the settling tenants also entered into a settlement agreement prior to submitting the Consent Decree to the Court for its approval. Paragraph 16 of that settlement agreement also demonstrates that the Consent Decree does not apply to claims against either the non-settling tenants or the City of Hayward.  Paragraph 16 of the settlement agreement provides in relevant part as follows

"16.   ATTORNEYS FEES AND COSTS:  Each party shall bear his, her or its own attorneys fees and costs with respect to all of the items referred to herein.  However, ***nothing in this Agreement shall prevent the Parkowners from seeking their attorneys fees or costs from the City of Hayward and/or the non-Settling Tenants.***"  (Emphasis added).

Following the issuance of the Consent Decree, the Petitioner and the City of Hayward attempted to settle their disputes as well, but were unable to do so.  Following the issuance of the Consent Decree, the parties also waited to determine what impact, if any, the United States Supreme Court's decisions in Lingle v. Chevron U.S.A. Inc. 544 U.S. ____, 125 S. Ct. 2074, 161 L. Ed. 2d 876 (2005) and Kelo v. City of New London 545 U.S. ____, 125 S. Ct. 2655 (2005), might have on the remaining issues in this case.

Now that settlement efforts with the City of Hayward have failed and the United States Supreme Court has issued its decisions in Lingle and Kelo, the Petitioner is seeking resolution of the remaining issues in this case.  Accordingly, on October 18, 2005, the Petitioner requested this Court to set a Case Management Conference, to discuss how to proceed with respect to the remaining issues in this case.  The Court has not responded to that request for a Case Management Conference.

Because the Court has not responded to the Petitioner's October 18, 2005 request for a Case Management Conference, and because it would appear that the Clerk of the Court has

---

[1]

Of course, these proceedings are the "writ proceedings" referred to in Paragraph I of the Consent Decree.  See Paragraph 7 of the Consent Decree for the definition of the "writ proceedings."

PETITIONER'S STATUS REPORT AND SECOND REQUEST FOR SETTING OF CASE MANAGEMENT CONFERENCE AND [PROPOSED] ORDER SETTING CASE MANAGEMENT CONFERENCE

3

1   mistakenly interpreted the Consent Decree to apply to all disputes between all parties, the

2   Petitioner again requests the Court to schedule a Case Management Conference for the first

3   available date on the Court's calendar, with a joint Case Management Statement to be filed at

4   least 10 days before the Case Management Conference.

5

6   Dated: January 17, 2006                    Respectfully submitted,

7

8                                              s/ Anthony C. Rodriguez
                                               Anthony C. Rodriguez, Esq.
9                                              Attorney for Petitioner

10

11                                    [PROPOSED] ORDER

12          The Court hereby sets a Case Management Conference in this matter for

13   Tuesday, February 7_____, 2006 at 9:00 a.m.   The parties shall file a joint Case

14   Management Conference Statement at least 10 days prior to the Case Management Conference.

15   IT IS SO ORDERED:

16

17

18   Dated:    January 23_____, 2006

19   The Honor_____
     United Sta_____

GRANTED

Judge Vaughn R Walker

20

21

22

23

24

25

26

27

28   PETITIONER'S STATUS REPORT AND SECOND REQUEST FOR SETTING OF CASE MANAGEMENT
     CONFERENCE AND [PROPOSED] ORDER SETTING CASE MANAGEMENT CONFERENCE

4

Case No. C-03- 0891 VRW ADR

PROOF OF SERVICE BY MAILING

I declare I am employed in the County of Alameda, California.  I am over the age of 18 years and I am not a party to the within cause.  My business address is 1425 Leimert Boulevard, Suite 101, Oakland, California  94602.

On January 17, 2006 I served the following document:

1.    PETITIONER'S STATUS REPORT AND SECOND REQUEST FOR SETTING OF CASE MANAGEMENT CONFERENCE AND [PROPOSED] ORDER SETTING CASE MANAGEMENT CONFERENCE

on the following by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully paid, in the United States mail at Oakland, California, addressed as follows:

Jeff Cambra, Esq.
City Attorney, City of Hayward
777 B Street
Hayward, California  94541-5007

Bruce E. Stanton, Esq.
Law Offices of Bruce E. Stanton
1530 The Alameda, Suite 115
San Jose, California  95126

I declare under penalty of perjury that the foregoing is true and correct.  Executed on January 17, 2006 at Oakland, California.

s/ Anthony C. Rodriguez
Anthony C. Rodriguez

5